NO. 07-02-0180-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 21, 2002

_____

JONATHAN CAMPBELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 228TH DISTRICT COURT OF HARRIS COUNTY;

NO. 850402; HONORABLE LARRY FULLER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Jonathan Campbell filed a notice of appeal from his conviction of the offense of abuse of official capacity and the imposition of a $750 fine. We have received the clerk's record in this matter, but have only received Volumes 2 and 10 of the reporter's record. The reporter's record was due to be filed by May 17, 2002. We notified the

reporter by letter dated June 5, 2002, that all of the reporter's record had not been received and that if the remainder of the record could not be filed, she should complete and file the reporter's request form provided to her within ten days. No response to that letter has been received.

This state of events necessitates a hearing to avoid further delay and preserve the parties' rights. *See* Tex. R. App. P. 37.3(a)(2). Accordingly, we abate this appeal and remand to the 228th District Court of Harris County for hearing. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. If appellant has not abandoned his appeal, whether appellant's present attorney will diligently pursue the appeal. If not, the trial court shall determine if appellant is indigent and if the appointment of an attorney is necessary. If an attorney is appointed, the name, address, and State Bar of Texas identification number of the attorney appointed should be provided to this court.

3. Wether appellant has failed to make arrangements to prosecute his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

4. Whether any other orders or steps are needed to facilitate the completion and provision of a reporter's record for appellate review.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental

reporter's record.  Those supplemental records shall be submitted to the clerk of this court not later than July 31, 2002.

It is so ordered.

Per Curiam

Do not publish.